In my opinion, the facts and circumstances do not justify a reversal of the findings of the trial judge that the collision occurred on Lanoix's right side of the road, and it is conceded that if the proof shows that the collision occurred on the west or deceased Lanoix's right side of the road the defendant is liable.
As to the sufficiency or the degree of evidence required to prove this vital point, I quote the following from vol. 10, Part 1, Perm.Ed., Blashfield's Cyclopedia of Automobile Law and Practice. § 6567, at page 376:
"The lack of any eyewitness to a fatal accident does not preclude recovery. The reason is that the cause of an injury may be established by circumstantial evidence, provided the circumstances are proved and are not themselves presumed. Moreover, an injured person is not bound to point out the exact way in which the accident occurred nor to exclude the possibility that it might have happened in some other manner than that which he claims."
The physical facts from which it is to be determined the side of the road on which *Page 505 
the collision occurred are not presumed, but were proved by witnesses whom the trial judge believed, and, indeed, whose testimony for the most part is not seriously questioned in the majority opinion. Disregarding all theories advanced in the case as to how the accident happened, there are four or five physical facts and circumstances which prove with sufficient certainty that the collision of the two cars occurred on the deceased Lanoix's side of the road, which makes out a prima facie case of negligence against the driver of the Edwards car.
The Lanoix car was not only on its right side of the road after the accident but its rear end was almost entirely off the pavement on the shoulder of the road, and the front part was facing in a southeasterly direction and at least two or three feet from the center line. The other car was almost diagonally across the center line with its left front wheel jammed or hooked into the left front wheel of the Lanoix car, and lying on its left side. Of course, the fact that the Lanoix car was well on its side of the road after the accident is not conclusive proof that the impact occurred on that side, but it is a strong factor to consider in determining that question, as we have held in many cases.
While there were some oil spots and debris on the east side of the road, yet the largest oil spots and other debris from the cars were on the west side of the road. Even in the sketch that Prof. Johnson drew to support his theory for the accident in behalf of the defendant, he shows some heavy oil spots on the center line and some west of it directly in Lanoix's lane of traffic; also some broken glass just off the pavement on the west, or Lanoix's side of the road. The spots and burnt metals shown on his sketch directly on the center line are just where the oil pan in the center of the Ford would be if the Ford was straddling the center line at the time of the impact as contended by plaintiffs, and the burnt metal on the line evidently came from some part of the Ford lying across the center line after the accident and as a result of the Ford burning at that point.
The gas tank was knocked off the Lanoix car by the impact. Whether this tank was found three or four feet back of the Lanoix car as one witness testified or was some 15 or 20 feet in the rear, it remains a conceded fact that this tank was on Lanoix's right side of the road. If it fell off a few feet behind the Lanoix car well over on the west side of the road, it is difficult to conceive how it got there if the impact took place on the east side of the road. And if this gas tank was knocked from the Lanoix car by the blow of the impact of the two cars and was found some 15 or 20 feet to the rear, as the majority opinion concludes, then there is still greater reason for believing that the collision occurred on the west or Lanoix's side of the road, as this tank was on the shoulder or in the ditch on that side of the road. How this tank could have gotten over on the shoulder of the road or in the ditch on the west side if the impact took place on the east side has not been satisfactorily explained by a single fact or theory, including the involved theory of Professor Johnson.
The body of the young lady who was killed in the accident was found on the shoulder of the road on the west side slightly to the rear of the Lanoix car. This is just about where she would have fallen out the right front door if the impact took place in the west lane of traffic and a few feet to the rear of where the Lanoix car stopped, and in that case the rear of the Lanoix car would have been about 15 feet further back or about where the gas tank came off. In any event, it is difficult to understand why this young lady was not thrown out on the pavement if the impact occurred on the east side. It is hardly believable that she was thrown all the way across the west traffic lane onto the shoulder of the road.
It is indicated that the speed or momentum of the Lanoix car was greater than that of the other car; that the impact occurred a few feet to the rear of the Lanoix car and the momentum of this car carried the cars a few feet further south. This could well be a fact and considering that the gas tank was knocked off and the girl thrown out of the car a few feet back from where it stopped lends some support to that conclusion — yet if such was the case, the force of the circumstances above mentioned is increased rather than weakened. If the Lanoix car was going faster than the other car but remained on its side of the road, the speed of this car was not a proximate cause of the accident.
If any consideration is to be given the disputed testimony of the witness who said that he saw skid marks of the Lanoix car *Page 506 
on its right side of the road and skid marks of the other car on its wrong side of the road, the proof is strengthened to that extent. However, without considering that testimony at all, I think the proof is sufficient to support the judgment of the trial court.
I respectfully dissent.